UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON THORNTON,<br><br>  Plaintiff,<br><br>  v.<br><br>L. DILEO, et al.,<br><br>  Defendants. | Case No.: 1:15-cv-00144-AWI-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 1] |

Plaintiff Simon Thornton is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant complaint on January 28, 2015.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

1

do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff names Doctor L. Dileo, Chief Medical Officer S. Lopez, Assistant Warden A. Pineda and Warden Martin D. Biter, as Defendants.

Plaintiff has nerve damage to his lower back from an incident sustained in 2006 prior to his incarceration for which he was previously received medical treatment. Upon his incarceration, all medical treatment seized. After a fall at Salinas Valley State Prison, Plaintiff was approved for Morphine 30 mg. twice a day. However, prior to disbursement of the medication Plaintiff was transferred to Kern Valley State Prison. Upon his arrival, Plaintiff was seen by Doctor Dileo who denied authorization to continue Morphine. Plaintiff requested multiple times for treatment but was denied. Due to deliberate indifference by Doctor Dileo, Plaintiff sustained a second fall injuring his head and eye which has resulted in a permanent scar.

Plaintiff wrote to both S. Lopez and Warden Biter informing them of the matter. Plaintiff received a response by S. Lopez who refused to act in this matter thereby being deliberately indifferent to his medical issues. Plaintiff also received a different letter on behalf of Warden Biter signed by A.

Pineda also declining to take action in this matter thereby acting deliberating indifferent to Plaintiff's medical needs.

### III.

### DISCUSSION

A.   **Deliberate Indifference to Serious Medical Need**

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Plaintiff's allegations that Doctors Dileo and Lopez denied Plaintiff's request for Morphine is insufficient to give rise to a claim for deliberate indifference. Plaintiff attaches a medical evaluation form to his complaint, which demonstrates that he was evaluated by Doctor Dileo on April 4, 2014, and Plaintiff was advised of appropriate medical procedures to be conducted to treat his back problem. (Compl. Ex. B.) Doctor Lopez responded to Plaintiff's letter of May 15, 2014, and advised Plaintiff that "[f]urther review by PCP and med[ical] chart reveals you don't have a condition that warrants narcotics, further studies in surgery [sic]." (Compl. Ex. D.) Plaintiff is not permitted to dictate his medical treatment. Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977). At most, Plaintiff has shown that there is a mere difference of opinion regarding the course of medical treatment, which is insufficient as a matter of law, to establish deliberate indifference. Thus, Plaintiff has failed to

establish that the prescribed course of treatment constituted deliberate indifference to a serious medical condition.

### B.     Supervisory Liability

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing *Snow*, 681 F.3d at 989) (internal quotation marks omitted). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

There is simply no basis to find that Warden Biter or Associate Warden Pineda were responsible for determining the appropriate course of medical treatment for inmates at Kern Valley State Prison. Biter and Pineda are not medical doctors and there are no factual allegations that they have the responsibility of supervising medical personnel and decisions. Indeed, the May 23, 2014, response to Plaintiff's letter states as follows:

> In reviewing your letter, it has been determined the issue(s) you raise is more appropriately addressed through the medical process. Only authorized medical staff is allowed access to your electronic Unit Health Record (eUHR). Therefore, while custody staff will ensure emergency or ducated access to care, they are not authorized to review your eUHR, make medical assessments or order particular treatments.
>
> According to your Electronic Records Management File System (ERMS) records (Central File) you have already submitted a CDCR 602HC Patient/Inmate Health Care Appeal Form (KVSP HC 13034788) regarding this very issue. It was denied at the First Level of review on December 24, 2013. You will note the response states, "If dissatisfied you may request a Second Level of Review by following the instructions on the appeal form.

(Compl. Ex. E.)

Plaintiff's allegations pertaining to Warden Biter and Associate Warden Pineda fails to show they were personally involved in either Delio's and Lopez's alleged indifferent treatment of Plaintiff's serious medical needs nor does it show any wrongful conduct on the part of Biter or Pineda that connect them to the alleged constitutional violation.  Accordingly, Plaintiff fails to set forth sufficient factual allegations that either Warden Biter or Associate Warden Pineda were deliberately indifferent to a serious medical need.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted.  Plaintiff is granted leave to file an amended complaint within thirty (30) days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

///

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff an amended civil rights complaint form;
2. Plaintiff's complaint, filed January 28, 2015, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **April 24, 2015**

UNITED STATES MAGISTRATE JUDGE