UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON THORNTON,<br><br>        Plaintiff,<br><br>    v.<br><br>L. DILEO, et al.,<br><br>        Defendants. | Case No.: 1:15-cv-00144-AWI-SAB (PC)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND<br><br>[ECF No. 9] |

    Plaintiff Simon Thornton is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

    Now pending before the Court is Plaintiff's first amended complaint, filed May 11, 2015. On May 11, 2015, Plaintiff's original complaint was screened and dismissed with leave to amend.

**I.**

**SCREENING REQUIREMENT**

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Since 2006, Plaintiff has had chronic nerve damage to his lower back. Plaintiff was receiving treatment prior to incarceration for that injury. Upon incarceration treatment was stopped. While Plaintiff was housed at Salinas Valley State Prison, he had a traumatic fall due to the discontinuation of his treatment and it was determined by a pain management group of doctors at Salinas Valley that Morphine 30 mg twice daily combined with a thicker mattress and ground floor housing would be best for Plaintiff after physical therapy was not successful. Plaintiff was transferred to Kern Valley State Prison before the treatment of Morphine began. Plaintiff spoke with Defendant L. Dileo and showed him the medical records and verbally made him aware that without treatment, Plaintiff could sustain reoccurring falls due to temporary paralysis that reoccurs when in too much pain. Dileo refused to continue Plaintiff's treatment. Plaintiff verbally requested a MRI and was denied. Since Dileo

refused to treat or even look into the matter, Plaintiff now has to suffer in constant pain and problems with his legs that hinder his movement and have caused an injury to occur resultin in a permament visible scar.  Plaintiff further contends that Defendant S. Lopez who supervises Defendant Dileo acted with deliberate indifference by failing to intervene once he was made aware of the issues.

## III.

## DISCUSSION

### A. Deliberate Indifference to Serious Medical Need

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

As an initial matter, Plaintiff has failed to demonstrate that he has a serious medical condition to warrant treatment or that either Defendant acted with the requisite deliberate indifference. Although Plaintiff contends that the failure to provide Morphine may lead to further injury of which Defendant Dileo, and that he suffers in constant pain, Plaintiff's belief that Morphine was necessary to prevent further injury, no matter how sincerely held, nor his desire for such treatment provide a basis for a constitutional claim for deliberate indifference.  Mere disagreement with treatment decisions does not give rise to an inadequate medical care claim.  Plaintiff's assertion that he should undergo an MRI is likewise not cognizable because it is a difference in medical opinion.  Furthermore, Plaintiff's

claim that he was prescribed Morphine while housed at Salinas Valley State Prison, and failure to prescribe such medication upon subsequent transfer to Kern Valley State Prison, does not support a claim for deliberate indifference. See Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) (difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs). Plaintiff must allege facts supporting the conclusion that the treatment chosen was medically unacceptable and in conscious disregard of an excessive risk to the prisoner's health. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). Plaintiff makes no such showing here. Plaintiff will be given one additional opportunity to amend. If Plaintiff chooses to do so, he must allege facts demonstrating how he suffers from a serious medical need and that Defendants Dileo and Lopez knowingly denied medically necessary care for his medical condition or knowingly provided care that was medically unacceptable, causing him harm.

## II.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be

"complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff an amended civil rights complaint form;
2. Plaintiff's first amended complaint, filed May 7, 2015, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **May 21, 2015**

UNITED STATES MAGISTRATE JUDGE