UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON THORNTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>L. DILEO, et al.,<br><br>　　　　　Defendants. | Case No.: 1:15-cv-00144-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO PROSECUTE AND FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF Nos. 15, 18] |

　　　　Plaintiff Simon Thornton is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**PROCEDURAL HISTORY**

　　　　This case has a rather lengthy history given Plaintiff's failure to comply with court orders.

　　　　On May 21, 2015, the Court dismissed Plaintiff's amended complaint for failure to state a cognizable claim for relief and Plaintiff was granted thirty days to file a second amended complaint. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e). Plaintiff was warned that if he failed to comply, this action would be dismissed, with prejudice, for failure to state a claim. (ECF No. 10 at 5:11-12.) On July 1, 2015, Plaintiff received a thirty day extension of time (ECF No. 12); however, more than thirty days have passed, and Plaintiff has not complied with or otherwise responded to the order. Accordingly, on August 28, 2015, Findings and Recommendations were issued recommending dismissal of the action

for failure to comply with a court order and failure to state a cognizable claim for relief. (ECF No. 13.) On September 14, 2015, Plaintiff filed objections to the Findings and Recommendations. (ECF No. 14.) In light of Plaintiff's objections, the Court vacated the Findings and Recommendations on September 17, 2015, and granted Plaintiff thirty days to file a second amended complaint. (ECF No. 15.)

Thereafter, Plaintiff requested and was granted an additional thirty days to file an amended complaint on October 19, 2015. (ECF Nos. 16, 18.) More than thirty days have passed and Plaintiff has yet again failed to file a second amended complaint. Accordingly, dismissal, with prejudice, is appropriate.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

## II.

## RECOMMENDATION

Based on Plaintiff's failure to comply with or otherwise respond to the Court's order, as a result, there is no pleading on file which sets forth any claims upon which relief may be granted, and the Court is left with no alternative but to dismiss the action for failure to state a cognizable claim for relief. Id. Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED, with prejudice, for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with

the Court.  **If Plaintiff elects to file objections to the instant Findings and Recommendation, Plaintiff must demonstrate "good cause" for his failure to comply with the Court's repeated orders to submit a second amended complaint and his failure to do so will result in the dismissal of the action.**  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 7, 2015**

UNITED STATES MAGISTRATE JUDGE

3